953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Silfredo CEBREROS-PEREZ, Defendant-Appellant.
 No. 91-30121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1992.*
Decided Jan. 23, 1992.
 
 Before EUGENE A. WRIGHT, WILLIAM A. NORRIS and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Silfredo Cebreros-Perez argues that the district court should have suppressed cocaine found in a black bag in the motel room in which he was arrested. We agree with the district court that the evidence was properly admitted and therefore affirm his conviction.
 
 
 3
 Admissibility of the evidence found in the black bag does not depend upon application of the search incident to arrest exception to the warrant requirement, and the pretextual arrest cases to which Cebreros-Perez cites are therefore irrelevant. See United States v. Prim, 698 F.2d 972, 978 (9th Cir.1983) (Hug, J., concurring) ("Reliance on the warrant appears to be an after-the-fact justification of a search for which no probable cause existed."); Taglavore v. United States, 291 F.2d 262, 265 (9th Cir.1961) (finding a search pretextual where traffic warrant used as pretense to arrest suspect and search him for marijuana because suspect would not ordinarily have been placed in custody for the traffic offense).
 
 
 4
 The bag was seized as the result of a consensual entry and abandonment of the bag by all the adult occupants of the motel room. Agent Cook had statutory authority to knock on the door of the motel and question Juan Cebreros-Iribe's immigration status. 8 U.S.C. § 1357(a)(1). Cook's actions did not constitute a seizure of Cebreros-Iribe. INS v. Delgado, 466 U.S. 210, 218 (1984) (random questioning of aliens in factory is not seizure); id. at 224 (Powell, J., concurring) (no reasonable suspicion necessary for brief questioning); Benitez-Mendez v. INS, 760 F.2d 907, 909 (9th Cir.1983) (approaching person in open field and asking him several questions to which the person responds voluntarily not a seizure). Cebreros-Iribe gave Cook and Detective Thompson permission to enter the hotel room. Cebreros-Iribe's consent was valid because he had common authority over the motel room by virtue of his joint access and control of the room. United States v. George, 883 F.2d 1407, 1417 (9th Cir.1989).
 
 
 5
 Once inside the room, Cook questioned Cebreros-Perez and arrested him for immigration violations. Cook did not then open the black bag and conduct a search incident to arrest. Instead, he obtained a written consent to search the room from Dawn Salinas and a verbal consent from the other adult occupants. Each adult occupant denied ownership of the black bag. The bag was therefore abandoned and Cebreros-Perez has no standing to challenge its search by the agents. United States v. Veatch, 674 F.2d 1217, 1220-21 (9th Cir.1981), cert. denied, 456 U.S. 946 (1982) (denial of ownership of item leaves suspect with no reasonable expectation of privacy and hence no standing to object to search).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3